**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
In re:                                :
                                      :
Peter Churchill,                      :    Chapter 13
                                      :    Case No.: 10-52108
         Debtor.                      :
_____X

*Appearances*:

Ellery E. Plotkin, Esq.               :    For the Debtor
777 Summer St., 2nd Floor             :
Stamford, CT 06901                    :

Patrick Crook, Esq.                   :    For the Chapter 13 Trustee
10 Columbus Blvd., 6th Floor          :
Hartford, CT 06106                    :

**MEMORANDUM AND ORDER**
**ON DEBTOR'S MOTION TO CONFIRM CHAPTER 13 PLAN**

The Chapter 13 Trustee ("Trustee") objects to confirmation of the Debtor's second amended plan ("Plan"; ECF No. 99), claiming that the Debtor understated his projected disposable income in violation of Bankruptcy Code §1325(b)(1)(B). For the reasons that follow, the Trustee's objection is sustained and the Debtor's Plan is not confirmed.

**I.**

The following Bankruptcy Code sections are applicable to the analysis:

> If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U. S. C § 1325(b)(1)(B).

> For purposes of this subsection, the term "disposable income" means *current monthly income* received by the debtor . . . less amounts reasonably necessary to be expended—
> * * *
> > (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U. S. C § 1325(b)(2)(B) (emphasis added).

> The term current monthly income—
> > (A) means the average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income . . ., derived during the 6-month period ending on—
> > > (i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); . . .

11 U.S.C. § 101(10A).


## II.

On September 1, 21010, the Debtor commenced this Chapter 13 case. On October 19, 2012, he filed the Plan. On October 23, 2012, the Trustee objected to confirmation, stating that, while she did not dispute the Debtor's claimed business expenses, the Debtor "understated his gross income" and, therefore, the Plan did not comply with §1325(b)(1)(b). The Trustee "bears the initial burden of presenting evidence that the Debtor's Plan does not satisfy § 1325(b)." *In re Orawsky*, 387 B.R. 128, 138 and n.16 (Bankr. E.D. Pa. 2008) (noting *In re Edwards*, 2004 WL 316418, at *10 (Bankr. D. Vt. Feb. 13, 2004)).

In October 2010, the Debtor's average monthly income was $5,858.33. (*See* Schedule I – Current Income of Individual Debtor(s); ECF No. 40 at 12.) Two years later and just prior to the October 24, 2012 Plan confirmation hearing, he revised that

amount to $6,500.  (*See* Schedule J – Current Expenditures of Individual Debtor(s), ECF No. 92 at 3 (reporting average monthly income on line 20.a); *see also* Means Test, ECF No. 100 at 1.)[1]  The Trustee argues that the Debtor's monthly gross income is higher, *i.e.*, approximately $8,700.  (*See* Trustee's Amended Objection at 1; ECF No. 102.)

There is no dispute that the Debtor is a 50% owner of a pool maintenance business, The Pool Man, Inc.  (Oct. 24. 2012 Hr'g Tr. at 10:6-11, 58:13-16.)  The Debtor and his business partner, Richard Romer, testified about the income they receive from that business and its expenses.  Mr. Romer stated that The Pool Man's corporate governance provisions required that his and the Debtor's income draws be equal.  (*Id.* at 36:5-6; *see also id.* at 19: 4-6, 25: 4-6.)

Romer credibly testified that for 2011, he and the Debtor each took a weekly draw of $1,275, (*see id.* at 29:20-22); therefore, each partner had a draw of $5,525 per month or $66,300 annually.  (*See id.* at 30:6-11.)  The Trustee, however, argues that the Debtor's monthly gross income was $8,700.  That claim is based on the Debtor's 2011 tax return in which he reported gross income of $104,648, consisting of $50,000 from wages and an additional $54,648 from the business.  (*See* Trial Exh. C).

The Debtor's 2012 income provides additional evidence in support of the Trustee's objection.  It is undisputed that the Debtor and Romer were each taking weekly draws in that year of $1,500 (*see* Hr'g Tr. at 46:22-24), which annualized to $78,000.  While this amount is consistent with the Debtor's Seconded Amended Means Test (*see* ECF No. 100) and his average disposable income reported on his Amended

---

[1]  Because of the protracted period from the filing of this case in 2010 until the confirmation hearing in October 2012, the Debtor's more recent disposable income may be considered.  *See Hamilton v. Lanning*, — U.S. —, 130 S. Ct. 2464, 2478 (endorsing the use of discretion by bankruptcy courts in determining projected disposable income).  Indeed, at the confirmation hearing, the parties appeared to implicitly agree that 2011 and 2012 were the relevant years from which figures should be drawn.  The court also notes that, at the confirmation hearing, neither party objected to the use of this time frame.  *See id.* at 2474 (wording of § 1325(b)(1) supports conclusion that "Congress expected courts to consider post filing information about the debtor's financial circumstances").

Schedule J (*see* ECF No. 92 at line 20.a), it fails to capture the additional $23,500 draws he admitted that he and Romer took from the business. (*See* Hr'g Tr. at 68:20-69:6; Tr. Exh. B.).

The Debtor does not address this deficiency, but rather argues that the court should focus on §1325(b)(2)(B), notwithstanding the fact that the Trustee does not object to any of the expenses the Debtor claims as the basis for calculating his disposable income. (*See* Hr'g Tr. 78:12–79:5; *see also* Trustee's Amended Objection at 1; ECF No. 102). Indeed, the vast majority of the testimony offered by the Debtor and his business partner, as well as the Debtor's other evidence, dealt with the expenses of the Pool Man, Inc., and explaining why those expenses are reasonable. Thus, the Debtor fails to grasp that it is not the deductions to which the Trustee objections, but rather the amount from which they are taken.

### III.

Accordingly, IT IS ORDERED that the Trustee's Amended Objection is sustained; and

IT IS FURTHER ORDERED that the Debtor's Motion to Confirm his Second Amended Plan is denied without prejudice to filing a new, amended plan, within 30 days of the date of this Order.

Dated this 6th day of March 2013 in Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge